**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OMAR ALFREDO GUANIPA-CHACON, Plaintiff, | : | |
| v. | : | Civil No.: 2:26-cv-08657-JMG |
| ANDY CRUZ, *et al.*, Defendants. | : | |

**ORDER**

**AND NOW**, this 18th day of November, 2026, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to the Petition (ECF No. 4), **IT IS HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**[1];

[1] Petitioner Omar Alfredo Guanipa-Chacon is a Venezuelan native who entered the United States on or about September 18, 2022. *See* Pet. For Writ of Habeas Corpus (ECF No. 1) ("Pet.") at ¶ 19. Shortly after entry, Mr. Guanipa-Chacon was detained and processed by officials from the Department of Homeland Security ("DHS") and then released. *Id.* at ¶ 20. Since then, Mr. Guanipa-Chacon has lived in Philadelphia, Pennsylvania. *Id.* at ¶ 20. Mr. Guanipa-Chacon states – and the Government does not dispute – that he has complied with all conditions of his release including attending annual check-ins with officials from Immigration Customs Enforcement ("ICE"). *Id.* at ¶ 21. Mr. Guanipa-Chacon appeared for a check-in at the Philadelphia ICE field office on November 10, 2026 where he was taken into custody by DHS officials. *Id.* at ¶ 22. The Government avers that, upon his arrest, it presented Mr. Guanipa-Chacon with a Warrant of Arrest (Form I-200), a Notice to Appear, and a Notice of Custody Determination (Form I-286). Resp. in Opp. to Pet. For Writ of Habeas Corpus (ECF No. 4) ("Opp.") at 2; *see also* ECF No. 4-2 (I-200); ECF No. 4-3 (Notice to Appear); ECF No. 4-4 (I-286). It also filled out a Record of Deportable/Inadmissible Alien (I-213) where it detailed the circumstances of his arrest. *See* ECF No. 4-1. Mr. Guanipa-Chacon requested a bond hearing before an immigration judge to review his custody determination which the Government states it is in the process of scheduling. *See* Opp. at 3; *see* ECF No. 4-4 (checking box to request bond hearing).

Petitioner argues his detention violates both procedural and substantive due process by not providing a pre-deprivation individualized custody determination. Pet. at ¶¶ 3-4. The Government contends Petitioner has failed to exhaust his administrative remedies since a bond hearing before an immigration judge ("IJ") is available to review his custody determination. Opp. at 4-5. In any case, the Government argues has followed all procedures necessary to detain Petitioner under 8

U.S.C. § 1226(a) under its discretionary authority. Opp. at 5-8. This Court – as well as others around the district – has previously addressed similar arguments and found for Petitioner. *See Salas-Figueroa v. Jamison*, No. 26-cv-8247, ECF No. 6 (E.D. Pa. September 16, 2026) (excusing exhaustion as futile and finding procedural due process requires an individualized custody determination before a bond hearing).

On the question of exhaustion, while the Court finds that an exhaustion applies to Petitioner's claims, the Court will excuse exhaustion here because it would be futile. *Id.* at 6-11. A bond hearing before an IJ would be futile because the IJ does not have the power to address Petitioner's due process claims. *Id.* at 10-11; *see also Basboga v. Jamison*, 2026 WL 3033623, at * 3 (E.D. Pa. Oct. 9, 2026) ("Requiring Mr. Basboga to exhaust his due process claims in front of a tribunal that does not have authority to adjudicate them would be futile.").

We next turn to Petitioner's argument that the detention violates procedural due process. To determine whether the Government violated Petitioner's due process we weigh (1) "the private interest" affected by the government's action; (2) "the risk of an erroneous deprivation" alongside the value of procedural safeguards advocated for; and (3) "the Government's interest" including the burdens imposed by the safeguards. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Regarding the first *Mathews* factor, because ICE detention is a form of government custody and ICE detained Petitioner without an individualized determination, he has a private interest in being afforded due process. *Salas-Figueroa*, No. 26-cv-8247, ECF No. 6, at 13. Regarding the second *Mathews* factor, the Court finds the risk here of erroneous deprivation to be high. *Id.* at 13-16. The Court agrees with Petitioner that due process required individualized determination to be made as to Petitioner before he was taken into custody. *Id.* This individualized determination should indicate through reasoned judgment what factors led DHS to decide to keep a non-citizen in custody when filling out their Forms I-286 an I-213. *Id.*; *see also Torres Guevara v. Warden of Fed. Det. Ctr. Philadelphia,* No. 26-cv-7077, 2026 WL 2838542, at *3 (E.D. Pa. Sept. 22, 2026) ("he record does not identify what information, if any, the government relied on in determining whether to keep Torres Guevara detained after his initial arrest."). The Government fails to provide any such individualized determination here. Finally, on the third *Mathews* factor, the Court finds that while DHS has a strong interest in ensuring noncitizens report to hearings and participate in the removal process, DHS has not shown why it has a strong interest in doing so without being required to undergo the relatively minimal burden of providing an individualized determination as to why Petitioner should be kept in custody. *Salas-Figueroa*, No. 26-cv-8247, ECF No. 6, at 16-17. Because deciding this case on procedural due process resolves the Petition, the Court will not reach the issue of whether the detention also violates substantive due process.

The typical remedy for unlawful executive detention is release. *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court finds DHS violated Petitioner's constitutional right to procedural due process in keeping him detained without conducting any individualized determination. These violations cannot be cured because no subsequent procedural protection can properly remedy Petitioner's initial erroneous deprivation, and the lack of a record for an IJ to review cannot be remedied by a later bond hearing since there will be an inadequate record for the hearing to begin with. Petitioner is entitled to relief, and based on the due process violations, immediate release is appropriate.

2. The Government shall **IMMEDIATELY RELEASE** Petitioner from custody and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. on November 23, 2026;

3. Should the Government choose to pursue re-detention pursuant to 8 U.S.C. § 1226(a), the Government must afford Petitioner the process due including but not limited to an individualized custody determination;

4. The Clerk of the Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.